**FILED**
CLERK, U.S. DISTRICT COURT
3/8/2024
CENTRAL DISTRICT OF CALIFORNIA
BY: _____TV_____ DEPUTY

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

January 2024 Grand Jury

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>         Plaintiff,<br><br>         v.<br><br>EDWARD DONALDO RAMIREZ MARTINEZ,<br>  aka "Edi Donaldo Ramirez Martinez,"<br>  aka "Edi Donaldo Ramirez,"<br><br>         Defendant. | CR No. 2:24-cr-00160-RGK<br><br>I N D I C T M E N T<br><br>[18 U.S.C. § 922(g)(1): Felon in Possession of Ammunition; 18 U.S.C. § 924(d), 28 U.S.C. § 2461(c): Criminal Forfeiture] |

The Grand Jury charges:

[18 U.S.C. § 922(g)(1)]

On or about December 2, 2023, in Ventura County, within the Central District of California, defendant EDWARD DONALDO RAMIREZ MARTINEZ also known as ("aka") "Edi Donaldo Ramirez Martinez," aka "Edi Donaldo Ramirez," knowingly possessed ammunition, namely, four rounds of Israeli Military Industries 5.56x45mm caliber ammunition, loaded within an assault rifle bearing no manufacturer mark or serial number (commonly referred to as a "ghost gun"), in and affecting interstate and foreign commerce.

1  Defendant RAMIREZ MARTINEZ possessed such ammunition knowing
2  that he had previously been convicted of a felony crime punishable by
3  a term of imprisonment exceeding one year, namely, Carrying a Loaded
4  Firearm, in violation of California Penal Code Section 25850(c)(6),
5  in the Superior Court of the State of California, County of Ventura,
6  case number 2020003579, on or about February 25, 2020.

FORFEITURE ALLEGATION

[18 U.S.C. § 924(d)(1) and 28 U.S.C. § 2461(c)]

1. Pursuant to Rule 32.2 of the Federal Rules of Criminal Procedure, notice is hereby given that the United States of America will seek forfeiture as part of any sentence, pursuant to Title 18, United States Code, Section 924(d)(1), and Title 28, United States Code, Section 2461(c), in the event of defendant's conviction of the offense set forth in this Indictment.

2. If so convicted, defendant shall forfeit to the United States of America:

(a) All right, title, and interest in any firearm or ammunition involved in or used in any such offense, including but not limited to firearms and ammunition alleged in the count of conviction.

(b) To the extent such property is not available for forfeiture, a sum of money equal to the total value of the property described in subparagraph (a).

3. Pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 28, United States Code, Section 2461(c), defendant, if so convicted, shall forfeit substitute property, up to the value of the property described in the preceding paragraph if, as the result of any act or omission of the defendant, the property described in the preceding paragraph or any portion thereof (a) cannot be located upon the exercise of due diligence; (b) has been transferred, sold to, or deposited with a third party; (c) has been placed beyond the jurisdiction of the court; (d) has been

//

//

substantially diminished in value; or (e) has been commingled with other property that cannot be divided without difficulty.

                                        A TRUE BILL


                                        /s/
                                        Foreperson

E. MARTIN ESTRADA
United States Attorney


MACK E. JENKINS
Assistant United States Attorney
Chief, Criminal Division

JOSHUA O. MAUSNER
Assistant United States Attorney
Chief, Violent & Organized Crime
Section

LYNDSI ALLSOP
Assistant United States Attorney
Violent & Organized Crime Section